UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **ALVERNA CHAMPION** | * | **CIVIL ACTION:** |
| **VERSUS** | * | **JUDGE:** |
| **CHARTER ONE of CITIZENS FINANCIAL GROUP, INC.** | * | **MAGISTRATE JUDGE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT FOR DAMAGES

**NOW INTO COURT**, comes Plaintiff, **ALVERNA CHAMPION**, by and through her attorney, Valerie Gotch Garrett files this Complaint against **CHARTER ONE OF CITIZENS FINANCIAL GROUP, INC**, and **hereby** states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff brings this action under the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (FCPA), Section 602(a) Accuracy and Fairness of Reporting, and 609 (a) Disclosures to Consumers.

2.

This Court has jurisdiction pursuant to the following statutes:

a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

b. 28 U.S.C. § 1343 (3) and (4), which gives district court's jurisdiction over actions to secure civil rights extended by the United States government;

3.

Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because a substantial amount of events giving rise to this Complaint occurred in this district.

## PARTIES

4.

The complaint of **ALVERNA CHAMPION**, a major, hereinafter referred to as petitioner, a person domiciled in Lafayette Parish, Louisiana, respectfully represents that:

5.

Defendant, **CHARTER ONE OF CITIZENS FINANCIAL GROUP, INC.**, hereinafter referred to as defendant, is a public corporation incorporated in the state of Delaware with its principal place of business being Providence, Rhode Island. Defendant is thus a citizen of the states of Delaware and Rhode Island. Defendant serviced a loan acquired by Plaintiff and ultimately by the Federal National Mortgage Association.

## ALLEGATIONS

6.

Petitioner seeks to recover damages, court costs, and attorney fees from defendant for the following reasons:

7.

On or about September 1, 1995 petitioner purchased a home located at 3245 Marshall Ave. SE, Grand Rapids, MI 49508. In 2003, petitioner obtained a secured loan from Defendant using petitioner's Marshall Ave. home as collateral. Said loan was made in the amount of $5,000.

8.

In 2004, Petitioner attempted to purchase a vehicle. However, her vehicle loan application was denied due to a low credit score. Petitioner did not understand the reasons for her low credit score because prior to this time, petitioner had stellar credit. It was later determined

that defendant was reporting to creditors that it had received no payments from petitioner, regarding the aforementioned secured loan.

9.

Petitioner was unaware that defendant was reporting no payments to creditors because petitioner had never stopped payments. Petitioner avers that she continued to make payments until she was paid in full on or about December 26, 2006. Defendant subsequently submitted a letter to petitioner acknowledging said payment in full. However, in January 5, 2007 Petitioner discovered that she faced threatened foreclosure, and that foreclosure status had been reported to her creditors since 2003.

10.

Petitioner immediately responded to this by supplying canceled checks and proof to defendant that they had in fact received their payments. However, defendant continued reporting no payments to credit bureaus.

11.

On or about June 23, 2009, Petitioner applied for a loan through Wells Fargo to refinance her current home located at 202 Sara Dee Parkway, Lafayette, LA, but was denied due to foreclosure proceedings reported to credit bureaus by defendant.

12.

Petitioner continued to send letters and make phone calls to defendant to no avail. As a result, adverse credit consequences occurred to petitioner, including foreclosure status reported to credit bureaus, a lowered credit score, denial of credit card applications, and denial of loan applications.

13.

Defendant has transmitted to various credit reporting agencies, including Equifax, false and adverse information about petitioner, causing her credit to be impaired.

14.

On or about December of 2010, defendant submitted a letter to Petitioner admitting its error, however, defendant continued to report no payments to credit bureaus, which continued foreclosure proceedings.

15.

In August of 2011, petitioner received further correspondence from defendant. In said correspondence defendant revealed that the information that has been reported to the credit bureaus was incorrect. Said correspondence serves as evidence that defendant admitted to its violation of the Fair Credit Reporting Act.

16.

It was not until November of 2011 that defendant finally credited Petitioners account which now states, "Not in foreclosure."

17.

As a proximate result of the negligent or reckless conduct of defendant, petitioner's credit has been impaired and has been threatened with the imminent loss of her property despite the fact that she has made all payments in accordance with the loan agreement.

18.

As a proximate result of the negligent actions of the defendant, the petitioner has suffered seven years of bad credit and has been unable to open credit cards, obtain loans, or obtain a new

vehicle until foreclosure status was removed. Petitioner has sustained these damages and will continue to suffer additional damage in an amount to be fully proved at the time of trial.

19.

Damages suffered by Complainant include:

a. A significantly lowered credit score

b. Petitioner applied for a loan to refinance a home mortgage through Wells Fargo on June 23, 2009 but was denied due to the foreclosure proceedings against her reported to credit bureaus.

c. In July 2007, Petitioner cancelled all major credit accounts including accounts at; (1) HSBC, Home Depot, Wal-Mart, JC Penny, Macy's, Ultra Diamonds GEM, and Citibank, in an attempt to improve her credit.

**WHEREFORE,** petitioner prays that due proceedings be had and that there be judgment herein in favor of petitioner **ALVERNA CHAMPION,** and against defendant **CHARTER ONE OF CITIZENS FINANCIAL GROUP, INC.,** based upon the allegations set forth in this petition, and that said defendant is liable for all damages as are reasonable in the premises, together with legal interest, thereon, from judicial demand until finally paid, for all costs of these proceedings, and for such other and further legal and equitable relief as the Court shall deem necessary and proper.

**Respectfully Submitted by
VALERIE GOTCH GARRETT, APLC**

s/Valerie Garrett
**VALERIE GOTCH GARRETT
Attorney for Petitioner
100 E. Vermilion Street, Suite 212
Lafayette, LA 70501
Office (337) 232-1600
Fax (337) 232-1616
Bar Roll Number 22382**

**Please Serve Defendant**

Through Registered Agent
Charter One of Citizens Financial Group
**ATTN: Corporation Service Company**
222 Jefferson Boulevard Suite 200
Warwick, RI 02888